MALES ET AL. *v.* DAVIDSON
(Two Appeals in One Record)

[No. 184, October Term, 1951.]

*Decided June 13, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

Submitted on brief by *Francis X. Dippell, Charles R. Goldsborough, Jr.,* and *Basil A. Thomas* for the appellants.

*J. Gilbert Prendergast,* with whom were *Clark, Thomsen & Smith* on the brief, for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

These suits were brought in the Baltimore City Court by the appellants, an infant and her father, for damages to her, for her medical expenses, and for the loss of services to her father, as a result of an automobile accident. At the conclusion of plaintiffs' cases (tried together), the trial court granted a motion for a directed verdict in favor of the defendant on the ground that there was no legally sufficient evidence of primary negligence on the part of the defendant, and on the ground that the infant plaintiff was guilty of contributory negligence as a matter of law. From the judgments entered on these verdicts, the plaintiffs have appealed.

The accident occurred on Harford Road in the town of Carney in Baltimore County, at a point south of

Chenoak Avenue. Harford Road at that point is 46 feet wide. The date of the accident was May 3, 1949, at which time the plaintiff, Clarice Males, was nearly fourteen years old, her fourteenth birthday being on July 17. She left a cooking class which she had been attending on Chenoak Avenue, west of Harford Road, about 5 P. M., and started to go home. She did not attempt to cross Harford Road at the intersection of Chenoak Avenue, but walked across a vacant lot which was at the southwest corner of this intersection, and, when she had reached a point some distance south of Chenoak Avenue, she started to cross. She saw a truck, followed by several automobiles, in the westernmost, or slow, lane of southbound traffic. She said she looked both ways and started to cross in front of the truck. After she had passed the truck, she was struck by the automobile driven by the appellee, which apparently was passing the truck, or running parallel to it. She said she was in the middle of the street when something suddenly hit her. She did not look after she left the curb, and she did not see the car that hit her. The weather was clear and the streets were dry, and it was daylight. The Baltimore County officer who first arrived at the scene of the accident found the victim lying in the road, 20 feet from the west side of Harford Road, and about 4 feet from the center yellow line. There was a single skid mark from the location of the body to the defendant's car, which mark was 19 feet 8 inches long. There was a 30-mile speed limit at that point. The defendant's car had stopped at the point where the skid mark ended, and the defendant told the officer that he was passing the truck which he thought had just parked, and that he struck the pedestrian with his left front fender, bumper and hood. He said he did not see her come out from the west side of the street, but that she came from in front of the truck. The officer said there was no indication that the defendant's car had gone over the center line; the skid marks being all on the inner, or fast, southbound lane. The officer testified something about

a 50-foot skid mark north of the place where the victim was found, but he was not sure about this, and could not connect this with the defendant. His memorandum which he made at the time did not give any clear information about it. An officer from the Accident Investigation Division of the Baltimore Police Department testified that a skid mark of 70 feet in length would indicate that a car was going 30 to 35 miles an hour, closer to 35.

It does not appear from the evidence that the defendant was exceeding the speed limit. The inference attempted to be drawn from the testimony of the officer from the Accident Investigation Division that the skid marks showed the defendant was going nearly 35 miles an hour is unwarranted when it is noted that the Baltimore County officer who examined the scene right after the accident did not testify anywhere that there was a 70-foot skid mark, but, on the contrary, that there was one 19 feet 8 inches running from the location where the victim's body was lying, to the defendant's car, and that the other skid mark was on the other side of the body, and, so far as he could testify, had no connection either with defendant's car, or with the first skid mark. The defendant was passing a truck which was either proceeding slowly, or was stopped. There is no evidence at all that he was across the center of the road. The girl's body was found after the accident 4 feet from the center of the road, and the defendant's car evidently passed between the body and the truck, because the skid marks were all on the west side of the center of the road, and the impact was with the left front of defendant's car. The point of impact was between intersections were the defendant had no reason to anticipate that anyone was coming out in front of the truck, and in front of his car.

The plaintiff, Clarice Males, at first said that, before she started to go across, she looked both ways, and she thought she saw the truck driver wave his hand for her to go past, and that when she was struck, she was approximately two steps on the east side of the

middle line. On further questioning about this, she said she was in the middle, and she made a chalk mark on the blackboard showing that she was in the center of the road. "Testimony at the trial which is later corrected by the witness cannot go to the jury as against the later correction." *Kaufman v. Baltimore Transit Co.*, 197 Md. 141, 78 A. 2d 464.

The injured plaintiff did not have the right of way. The defendant did. Code, Article 66½, Section 181 (1947 Supp.). *Dean v. Scott*, 196 Md. 70, 75 A. 2d 83. There is no legally sufficient evidence that the defendant either exceeded the speed limit, or crossed the center of the road, or in any other way failed to exercise the due care required of him. The injured pedestrian crossed in front of him without looking, after she thought she had been waved ahead by the truck driver. Under such circumstances, the jury could not have been permitted to speculate on the possibility that the defendant was negligent in some undefined or unexplained manner, and the trial court was quite correct in directing verdicts for the defendant.

*Judgments affirmed with costs.*